UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CARNELL GARVIN,
    Plaintiff,

v.                                    C.A. No. 05-30052

D.A. SULLIVAN & SONS, INC. and
CONSTRUCTION SAFETY SERVICES, INC.,
    Defendants.

## MOTION TO FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

    Now comes the Defendant, D. A. Sullivan & Sons, Inc. (hereinafter "Sullivan") and pursuant to Fed. R. Civ. P. 14, seeks leave to file a Third-Party Complaint against A-Deck, Inc. (hereinafter "A-Deck").

    As grounds therefore, Sullivan states as follows:

1. This action arises out of a personal injury allegedly occurring on July 23, 2004, when Plaintiff was injured on a construction project in Northampton, Massachusetts.

2. At all times relevant, Sullivan was the general contractor on the project, A-Deck was a sub-contractor and the plaintiff was an employee of A-Deck.

3. Sullivan alleges that the negligence of A-Deck, its agents and/or employees, was the cause of the plaintiff's injuries.

4. Under this Court's Scheduling Order, this Motion is timely.

5. It is in the interest of fairness and justice to allow this Motion to permit Sullivan to file a Third Party Complaint.

6. A copy of Sullivan's proposed Third-Party Complaint is attached hereto as Exhibit A.

WHEREFORE, the Defendant, D. A. Sullivan & Sons, Inc., respectfully requests this Honorable Court grant its Motion for Leave to File a Third-Party Complaint against A-Deck, Inc.

D. A. Sullivan & Sons, Inc.,
By its Attorneys,

Scott J. Tucker, BBO#503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696

### CERTIFICATE OF SERVICE

I, Scott J. Tucker, hereby certify that on August 23, 2005 by first class mail, postage prepaid, I served a copy of the following pleading:

MOTION TO FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

upon the following counsel of record:

Scott E. Charnas, Esquire
Scott E. Charnas & Associates, P.C.
220 Commercial Street
Boston, MA 02109

Andrew R. Duffy, Esquire
Mongeluzzi, Barrett & Bendesky, P.C.
1650 Market Street
Philadelphia, PA 19103

Steven O'Brien, Esquire
Long & Houlden
100 Summer Street
Boston, MA 02110

Scott J. Tucker

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CARNELL GARVIN,
    Plaintiff,

v.                                                    C.A. No. 05-30052

D.A. SULLIVAN & SONS, INC.,
    Defendant/Third Party Plaintiff,
CONSTRUCTION SAFETY SERVICES, INC.,
    Defendant,

v.

A-DECK, INC.,
    Third-Party Defendant.

DEFENDANT AND THIRD-PARTY PLAINTIFF
D.A. SULLIVAN & SONS, INC.'S THIRD-PARTY COMPLAINT AND JURY CLAIM

## PARTIES

1. The Defendant/Third-Party Plaintiff, D. A. Sullivan & Sons, Inc. (hereinafter "Sullivan"), is a Massachusetts corporation with a principal place of business at 82-84 North Street, Northampton, Massachusetts.

2. The Third-Party Defendant, A-Deck, Inc. (hereinafter "A-Deck") is a Pennsylvania company with a principal place of business at 990 East Main Street, Norristown, Pennsylvania and sufficient contacts to be subject to the jurisdiction of this court.

## FACTS

3. The Plaintiff in the above-entitled action, has filed a Complaint against Sullivan and a co-defendant seeking monetary damages for injuries allegedly suffered on July 23, 2004 when Plaintiff was working for A-Deck at a construction project on which Sullivan was the general contractor. A copy of said Complaint is attached hereto as Exhibit 1 and incorporated herein by reference

4. On the date of the alleged accident, the plaintiff and A-Deck were performing work at the project, pursuant to a subcontract with Sullivan. A copy of the subcontract is attached hereto as Exhibit 2 and incorporated by reference.

5. Pursuant to the subcontract, and the general conditions of Sullivan's contract with the owner which are specifically incorporated therein, A-Deck is obligated to defend and indemnify Sullivan for the plaintiff's claim.

6. Any and all injuries sustained by the Plaintiff in this case were caused in whole or in part by the negligent acts or omissions of A-Deck, its agents, servants or employees.

7. The defense and indemnification of Sullivan has been tendered to A-Deck on at least two occasions, but A-Deck has failed to respond to the tender. As a result, Sullivan has been compelled to defend this action.

## COUNT I
### (CONTRACTUAL INDEMNITY)

8. Third Party Plaintiff realleges each of the allegations in paragraphs 1 through 9 and incorporates them herein as if fully set forth.

9. A-Deck is contractually obligated pursuant to said subcontract to defend, indemnify and hold harmless Sullivan.

10. A-Deck has failed to defend, indemnify and hold Suffolk harmless from the Plaintiff's claims in this action.

WHEREFORE, the Defendant and Third-Party Plaintiff demands judgment against A-Deck in the full amount of any judgment for the plaintiff, together with defense costs, interest and court costs.

## JURY CLAIM

Sullivan demands a trial by jury as to all allegations set forth in this Third-Party Complaint and any further responsive pleadings.

The Defendant/Third-Party Plaintiff
D. A. Sullivan & Sons, Inc.,
By its Attorneys,

Scott J. Tucker, BBO#503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696

# EXHIBIT "1"

# EXHIBIT "1"

20021949

United States District Court
District of Massachusetts

Civil Action No. 05-30052-MAP

CARNELL GARVIN
    Plaintiff,

v.

D. A. SULLIVAN & SONS, INC. and
CONSTRUCTION SAFETY SERVICES, INC.,
    Defendants.

**PLAINTIFF'S AMENDED COMPLAINT**

**Jurisdiction**

Pursuant to 28 U.S.C. § 1332, jurisdiction is based on so-called diversity of citizenship of the parties, with the amount in controversy in excess of Seventy-Five Thousand ($75,000.00) Dollars.

**COUNT I**

1. Plaintiff Carnell Garvin is an individual residing at 5254 Hazel Avenue, in the City of Philadelphia, Commonwealth of Pennsylvania.

2. Defendant D.A. Sullivan & Sons, Inc. ("Sullivan") is a Massachusetts corporation with a principal place of business at 82-84 North Street, Northampton, County of Hampshire, Commonwealth of Massachusetts.

3. Defendant Construction Safety Services, Inc., ("CSSI") is a Massachusetts corporation doing business at One Monarch Place, Suite 1230, Town of Springfield, County of Hampden, Commonwealth of Massachusetts.

2002-1949

4. At all times relevant to the Complaint, Defendant Sullivan was the general contractor for the Berkshire Hills Regional School District Elementary School construction/renovation project located at 318 Monument Valley Road, Great Barrington, County of Berkshire, Commonwealth of Massachusetts. 01230 ("the Project").

5. At all times relevant to the Complaint, Defendant CSSI was engaged to provide construction safety services at the Project.

6. At all times relevant to the Complaint, Plaintiff Carnell Garvin was employed by a roofing subcontractor to perform work on the Project.

7. At all times relevant to the Complaint, Defendant Sullivan retained control in regard to the safety of workers on the Project, including Plaintiff Carnell Garvin.

8. On or about July 23, 2004, Defendant Sullivan negligently failed to maintain a reasonably safe workplace at the Project, including, but not limited to, failing to provide/install or ensure provision/installation of adequate and proper fall protection including, but not limited to, nets; safety cables; life-lines; catch platforms; tie-offs; stanchions for use with safety cables; anchorages; decking; and/or rolling scaffolds devices, failing to enforce all applicable codes and regulations regarding fall protection, and failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans to protect workers on the Project.

9. As a result of the aforementioned negligence of Defendant Sullivan, Plaintiff Carnell Garvin was caused to fall a substantial distance and suffered serious and permanent injury in the course of performing his duties on the Project.

**WHEREFORE**, PLAINTIFF CARNELL GARVIN demands judgment against DEFENDANT D.A. SULLIVAN & SONS, INC. in the sum of Forty Million ($40,000,000.00), plus interest and costs.

**COUNT II**

10. Plaintiff Carnell Garvin reaffirms and re-alleges paragraphs 1 through 6 as if specifically reaffirmed and re-alleged herein.

2003-1949

11. At all times relevant to the Complaint, Defendant CSSI retained control in regard to the safety of workers on the Project, including Plaintiff Carnell Garvin.

12. On or about July 23, 2004, Defendant CSSI negligently failed to maintain a reasonably safe workplace at the Project, including, but not limited to, failing to provide/install or ensure provision/installation of adequate and proper fall protection including, but not limited to, nets; safety cables; life-lines; catch platforms; tie-offs; stanchions for use with safety cables; anchorages; decking; and/or rolling scaffolds devices, failing to enforce all applicable codes and regulations regarding fall protection, and failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans to protect workers on the Project.

**WHEREFORE**, PLAINTIFF Carnell Garvin demands judgment against DEFENDANT CONSTRUCTION SAFETY SERVICES, INC. in a sum of Forty Million ($40,000,000.00), plus interest and costs.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,
The Plaintiff,
By his attorneys,

/s/Scott E. Charnas
Scott E. Charnas, BBO# 081240
MANHEIMER & CHARNAS, LLP
210 Commercial Street
Boston, MA 02109
617-557-4700

DATED: March 15, 2005

# EXHIBIT "2"

MASSACHUSETTS
Massachusetts Chapter 701 - 1983          2004 1949

SUBCONTRACT

THIS AGREEMENT made this  12th      day of    **September 2003**   , by and between
**D.A.Sullivan & Sons Inc.   Northampton, MA**

a corporation organized and existing under the laws of  ..... **Massachusetts** ............

a partnership consisting of ...............................................

an individual doing business as ..........................................

hereinafter called the "Contractor" and   .... **A-Deck, Inc.** .....................

................................... **990 East Main Street, Norristown, PA 19401**

a corporation organized and existing under the laws of ........................

a partnership consisting of ..............................................

an individual doing business as ..........................................

hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor, for the considerations hereafter named, agree as follows:

 1. The Subcontractor agrees to furnish all labor and materials required for the completion of all work specified in Section No. . **03511** . . **Cementitious Wood Fiber Deck** . . . . . . . . . . . . .
of the specifications for  . . . . **Per scope letter attached** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(name of sub-trade)

.........................................................................

and the plans referred to therein and Addenda Nos. . . . . . . , . . . . . . , . . . . . . , and  . . . . . . . . . .

for the **New Middle School and New Elementary School, Great Barrington, MA** . . . . .
(complete title of the project and the project number taken from the title page of the specifications)

all as prepared by  **Kingscott Associates Inc., Kalamaxoo, Michigan** . . . . . . . . . . . . . . .
(name of architect or engineer)

for the sum of . **THREE HUNDRED TEN THOUSAND DOLLARS** ————————. . . . . . . . . . . . . .

($. **310,000.00** . . . . . . .) and the Contractor agrees to pay the Subcontractor said sum for said work.
This price includes the following alternates (and other items set forth in the sub-bid):

  Alternate No(s). . . . . . . . . . . . . . . , . . . . . . . . . . , . . . . . . . . . . , . . . . . . . . . . ,
. . . . . . . . . . , . . . . . . . . . . , . . . . . . . . . , . . . . . . . . . , . . . . . . . . . , . . . . . . . . . . ,

 (a) The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and Addenda Nos.:
. . . . . . . . . . . , . . . . . . . . . . , . . . . . . . . . . . . . . . , . . . . . . , and to assume to the Contractor all the
obligations and responsibilities that the Contractor by those documents assumes to the  . . . . . . . . . . .
 .... **Berkshire Hills Regional School District, Great Barrington, MA** . . . . . . . . . . .
(awarding authority)
hereinafter called the "Awarding Authority", except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.

FORM 1110  (H&W)  HOBBS & WARREN™  Publishers - Boston                                           (OVER)

(b) The Contractor agrees to be bound to the Subcontractor by the terms of the hereinbefore described documents and to assume to the Subcontractor all the obligations and responsibilities that the Awarding Authority by the terms of the hereinbefore described documents assumes to the Contractor, except to the extent that provisions contained therein are by their terms or by law applicable only to the Awarding Authority.

2. The Contractor agrees to begin, prosecute and complete the entire work specified by the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin, prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3. The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4. The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5. This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

Notarial Seal
Sharon M. Pane, Notary Public
Norristown Boro, Montgomery County
My Commission Expires March 1, 2007
Member, Pennsylvania Association Of Notaries

A-Deck, Inc.
(Name of Subcontractor)

By DAVID FARRAGUT, PRES

SEAL
ATTEST

D.A. Sullivan & Sons Inc.
(Name of Contractor)

By Donald A. Sullivan, Vice-President

THIS STANDARD FORM OBTAINABLE FROM HOBBS & WARREN, INC., BOSTON